# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiffs, <br><br> vs. <br><br> SOMBAT YODPRASIT, <br><br> Defendant. | No. CR15-4085-MWB <br><br> **REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS** |

## I. INTRODUCTION

Defendant Sombat Yodprasit is charged by indictment with one count of conspiracy to distribute methamphetamine. Doc. 2. He has filed a motion to suppress "all statements of the Defendant from the 20:06:00 point of the interrogation thereafter," referring to the time indicated on a video recording of his interrogation. Doc. 20, 20-1, at 4. The government has filed a resistance in which it "gives notice that it will not attempt to use affirmatively any of defendant's statements from the post-*Miranda* interview made after timestamp 20:23:29 of the video recording" of the interrogation. Doc. No. 25. The fighting issue is, therefore, whether the court should suppress defendant's statements made between the timestamps 20:06:00 and 20:23:29. The Trial Management Order (Doc. No. 8) assigns motions to suppress to a United States Magistrate Judge to conduct any necessary evidentiary hearings and to prepare reports on, and recommend dispositions of, those motions.

The parties are in agreement that the only evidence relevant to the motion to suppress is the video recording itself (filed by the government as Exhibit A). Accordingly, the court determined an evidentiary hearing was unnecessary. The court further notes

that neither party requested an evidentiary hearing in their pleadings. Therefore, the motion is fully submitted. For the reasons set forth below, the court denies defendant's motion to suppress.

## II. SUMMARY OF EVIDENCE

On September 22, 2014, officers arrested the defendant and took him to an interrogation room at the Sioux City Police Department. Doc. 20-1, at 1; Doc. 25, at 1-2. The interrogation was video recorded. *Id*. The court reviewed the recording, offered and accepted into evidence as Exhibit A. The video recording reflects that the officer told defendant that he wanted to ask him some questions and defendant replied that the officer could ask defendant "anything you want." Exhibit A, at 19:45:00-45:04. The officer advised defendant of his constitutional rights (the so-called *Miranda* warning) and defendant stated he understood those rights and that the officer could ask him questions. Exhibit A, at 19:45:05-45:26.

The officer then began asking defendant about a variety of topics involving defendant's involvement with using controlled substances, distributing controlled substances, and his contact with a confidential source (CS) on the night of defendant's arrest. Exhibit A, at 19:45:30 to 20:05:15. At one point, the officer asked defendant if the defendant had any conversations with the CS while they were walking in the woods that night. Exhibit A, at 20:05:15. Defendant denied having any conversations with the CS, claiming to know that the CS was working with law enforcement officers and suspecting the CS was carrying a recording device. When the officer continued to press defendant about the conversation with the CS after defendant's repeated denials, defendant stated, "I've got noth'n else to say—what I've already told you guys is what I

2

wanna say." Exhibit A, at 20:06:20 -06:27.[1] In response, the officer changed topics and began asking defendant about defendant's drug customers. Exhibit A, at 20:06:27-07:10.

A couple of minutes later, the officer asked defendant whether the CS had ever given defendant methamphetamine in exchange for driving the CS to various locations. The following exchange ensued:

    Defendant:   "I don't even want to say anything about that."

    Officer:   "Why not?"

    Defendant:   "I don't even want to say anything about that."[2]

Exhibit A, at 20:08:51-08:57. Defendant then insisted that if the officers wanted to catch the "higher-ups" they should talk to the CS.

The officer shifted away from talking about the CS and asked why defendant had been associating with people whom law enforcement officers have caught with drugs. The following exchange then ensued.

    Defendant:   "I'm a user."

    Officer:   "Okay, so you buy dope in town? Who do you buy dope from?"

    Defendant:   "I don't even want to get anywhere near what you're talking about."

    Officer:   "Why not? Who do you buy dope from?"

    Defendant:   "I'm a user and that's it. I don't want to say anything about—I don't want to say noth'n about that stuff."

---

[1] Defendant asserts that he said "I have nothing else to say. That is what I always to you is what I want to say." Doc. 20-1, at 2. Defendant's alleged second sentence is nonsensical and for that reason alone is improbable. Regardless, the court listened to the exchange multiple times and the version set forth above in the body of this Report and Recommendation is what the court heard defendant say.

[2] Defendant asserts he said "I don't want to say anything more." Doc. 20-1, at 2. That is not what the court heard.

(Exhibit A, at 20:09:45-10:10). An exchange occurred where the officer sought to find out why defendant did not want to talk about that topic, but then the officer moved on to other topics. At one point, defendant invited the officer to "explain more" because defendant maintained he was just a user. Exhibit A, at 20:11:00. Eventually, defendant said a couple of times, "I'm done talking to you." Exhibit A, at 20:23:29.

### III. DISCUSSION

The Fifth Amendment to the United States Constitution provides that, "No person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V. Thus, a person has the right to remain silent, but can also waive that right. Whether defendant waived his right to remain silent is a factual question for the court to determine. *United States v. Cody*, 114 F.3d 772, 775 (8th Cir. 1997). It is uncontested that defendant was advised of his constitutional right to remain silent and chose to waive that right and talk with the officer. The question is whether he later invoked the right to remain silent by the statements he made during the interrogation. A suspect invokes the right to remain silent when he makes a "clear, consistent expression of a desire to remain silent." *United States v. Thompson*, 866 F.2d 268, 272 (8th Cir. 1989). In determining whether a suspect has invoked the right to remain silent, the court considers the "statements as a whole." *United States v. Johnson*, 56 F.3d 947, 955 (8th Cir. 1995).

Defendant's statement, "I am done talking to you," was an unequivocal invocation of the right to remain silent. His previous statements were equivocal or at most an invocation of the right to remain silent as to a particular topic. "Indirect, ambiguous, and equivocal statements or assertions to exercise the right to remain silent are not enough to invoke that right for the purposes of *Miranda*." *United States v. Ferrer-Montoya*, 483 F.3d 565, 569 (8th Cir. 2007). Similarly, a suspect's refusal to talk about a specific

4

topic or subject does not constitute an unequivocal invocation of the right to remain silent. *See*, *e.g.*, *Fare v. Michael C.*, 442 U.S. 707, 727 (1979) (holding that a suspect's statement that he "could not, or would not" answer a question did not constitute an invocation of the right to remain silent); *Stumes v. Solem*, 752 F.2d 317, 320-21 (8th Cir. 1985) (holding that the defendant did not invoke his right to remain silent, but rather, he refused "only to [answer] the particular question asked").

In evaluating defendant's statements as a whole, the court concludes that defendant was less than clear that he wanted to remain silent until he made it clear by stating he was done talking. Prior to that statement, defendant was willingly engaged in a conversation with the agent, choosing to answer certain questions, but refusing to answer others or declining to continue to talk further about certain topics. Defendant expressed his limited invocation by stating he did not want to talk about "that" or about "that stuff." When defendant made those statements, the officer changed topics and engaged defendant in conversation about other topics. Defendant then freely talked to the officer, attempting to convince the officer that defendant was just a drug user and not a drug dealer.

Because defendant did not unequivocally invoke his right to remain silent until the timestamp of 20:23:29, I recommend denial of the motion to suppress any statements defendant made prior to that time.

## IV.    CONCLUSION

For the foregoing reasons, I RESPECTFULLY RECOMMEND that defendant's motion to suppress (Doc. 20) be **denied** as to any statements defendant made prior to timestamp 20:23:29.

5

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 29th day of February, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa